# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01708-COA

**DANER FORD A/K/A DANNER FORD A/K/A**        **APPELLANT**
**DANA FORD**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/06/2018 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANER FORD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/22/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Daner Ford was convicted as a habitual offender[1] of murder and unlawful possession of a firearm by a felon. The trial court sentenced Ford to life imprisonment for murder and ten years for possession of a firearm. The court also sentenced Ford to an additional term of five years pursuant to the firearm enhancement statute. Miss. Code Ann. § 97-37-37(1) (Rev. 2014). Our Supreme Court affirmed Ford's convictions and sentences on appeal. *Ford v. State*, 206 So. 3d 486, 497 (¶¶36-37) (Miss. 2016).

¶2.     Ford subsequently requested permission from the Supreme Court to file a motion for

---

[1] Miss. Code Ann. § 99-19-81 (Rev. 2015).

post-conviction relief (PCR) in the trial court. *See* Miss. Code Ann. § 99-39-27 (Rev. 2015). Ford's motion asserted four claims for relief. A panel of the Supreme Court ruled that Ford's first three claims lacked merit and denied him leave to proceed on those claims. The Court granted Ford leave to proceed only on his claim that "the trial court illegally sentenced him under section 97-37-37's firearm enhancement." *Ford v. State*, No. 2017-M-01694 (Miss. May 4, 2018).

¶3. Ford then filed a PCR motion in the trial court challenging his additional sentence pursuant to the firearm enhancement. The trial court held that under *Harris v. State*, 99 So. 3d 169 (Miss. 2012), Ford's sentence for a firearm enhancement under section 97-37-37 was illegal. Specifically, because Ford's conviction for murder as a habitual offender carried a greater minimum sentence (life imprisonment) than the firearm enhancement, Ford should not have been given an additional sentence pursuant to the firearm enhancement. *Harris*, 99 So. 3d at 174 (¶26). The trial court therefore vacated Ford's sentence for the firearm enhancement without disturbing the provisions of Ford's other sentences—the life sentence for murder and a ten-year sentence for possession of a firearm, both to be served as a habitual offender. Ford filed a notice of appeal from the trial court's order.

¶4. On appeal, Ford argues that the trial court erred and violated his constitutional rights by "resentencing" him as a habitual offender. This argument is without merit because the Supreme Court granted Ford leave to proceed in the trial court on one issue *only*—the legality of his sentence pursuant to the firearm enhancement. The Court did not grant Ford leave to challenge his sentence as a habitual offender, and the trial court "had no authority

to go beyond [the firearm enhancement] and consider . . . additional issues." *Howard v. State*, 171 So. 3d 566, 568 (¶11) (Miss. Ct. App. 2015). Moreover, the trial court did not "resentence" Ford or impose any new punishment. The trial court simply left intact Ford's remaining sentences, which were unaffected by the Supreme Court's order.[2]

¶5.     The trial court granted Ford relief on the only claim properly before the court. Ford was not entitled to any additional relief, and he has not identified any error in the judgment of the trial court.

¶6.     **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[2] Indeed, in Ford's direct appeal, the Supreme Court specifically affirmed his sentence as a habitual offender. *Ford*, 206 So. 3d at 495-96 (¶¶30-35).